CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 12 2017

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:14CR00035 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRANDI NICHOLE MARPLE, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Brandi Nichole Marple, a federal inmate proceeding pro se, has filed a motion and amended motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Marple alleges that counsel provided ineffective assistance. The government filed a motion to dismiss and the time within which to respond has now expired, making this matter ripe for disposition. After reviewing the record and briefs, the court concludes that Marple has not stated any meritorious claims for relief under § 2255 and the government's motion to dismiss must be granted.

I.

On October 16, 2014, a federal grand jury indicted Marple and a codefendant, charging them with knowingly and intentionally distributing a measurable quantity of a mixture and substance containing a detectable amount of heroin, the use of which resulted in the serious bodily injury and death of A.B.L, pursuant to 21 U.S.C. § 841(a)(1). Indictment at 1, ECF No. 16. On February 11, 2015, Marple and the government entered into a written plea agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, in which Marple agreed to plead guilty to the lesser included offense of distribution of heroin. Plea Agree. at 1, ECF No. 47. The plea agreement noted that the maximum term of imprisonment Marple could face for a distribution of heroin conviction

was 20 years, but if she were convicted of distribution of heroin resulting in death, she would have faced a mandatory minimum term of imprisonment of 20 years and a maximum of life. Id. at 1-2. The parties agreed that Marple would be sentenced to 114 months' incarceration. Id. at 2.

A guilty plea hearing was held on March 3, 2015. Marple affirmed that she had received a copy of the indictment and plea agreement and had had an adequate opportunity to discuss both with counsel. Plea Hr'g Tr. at 5-6, ECF No. 113. Marple affirmed that she was satisfied with counsel's representation. Id. at 5. The government reviewed the essential terms of the plea agreement on the record and noted that Marple gave up her right to appeal and to collaterally attack her sentence except in limited circumstances. Id. at 6-10. The court asked Marple whether she understood that "this plea agreement is pursuant to Rule 11(c)(1)(C), which requires the district court judge to impose the sentence that is agreed upon in the plea agreement, that sentence is nine and a half years, or 114 months of imprisonment, if he accepts the plea agreement?" Id. at 11. Marple stated that she understood. Id. Marple affirmed her understanding that by pleading guilty, she was giving up her right to appeal and to collaterally attack her sentence. Id. at 11-12. The government filed a statement of facts signed by Marple and her counsel, which provided that Marple sold heroin to A.B.L. Statement of Facts at 2, ECF No. 48. A medical examiner concluded, following an autopsy, that A.B.L. later died of combined heroin, Citalopram and ethanol poisoning. Id. A forensic toxicologist concluded that A.B.L. died of a heroin overdose. Id. at 3. Marple admitted that the statement of facts accurately reflected the facts of the case and that she wanted to plead guilty. Plea Hr'g Tr. at 20-21, ECF No. 113. The court

accepted her guilty plea after finding that Marple was fully competent and capable of entering an informed plea, that she was aware of the nature of the charges against her and the consequences of pleading guilty. Id. at 22.

The Presentence Investigation Report ("PSR") recommended a total offense level of 21, which included a three-level reduction for acceptance of responsibility, a criminal history category of IV, resulting in a guideline imprisonment range of 51 to 71 months. PSR ¶ 63, ECF No. 93. The government filed an objection, arguing for a base offense level of 38 based on the "offense of conviction," for distribution of heroin resulting in death. Id. at 18. The probation officer responded that it did not use the "offense of conviction" analysis because the record did not include evidence "beyond a reasonable doubt" that A.B.L. died from a heroin overdose, as the cause of death listed on the death certificate and included in the statement of facts was, "combined heroin, Citalpram, and ethanol poisoning." Id.

Both the defense and the government filed sentencing memoranda. The government argued that the sentencing factors in 18 U.S.C. § 3553(a) supported imposition of the agreed-upon sentence of 114 months, but again argued that Marple's base offense level should be 38. Sent. Mem. at 7-18, ECF No. 79. The defense also argued for the agreed-upon sentence of 114 months. Sent. Mem. at 2, ECF No. 81. Defense counsel acknowledged that although the PSR calculated Marple's guideline range as 57 to 71 months, that range was based on a guilty plea to the offense of simple distribution; were Marple convicted of the charge in the indictment—distribution resulting in death—she would have faced a mandatory minimum sentence of 20 years and a significantly higher guideline range. Id.

3

A sentencing hearing was held on June 4, 2015. The court began by asking whether Marple was still satisfied with her counsel and she affirmed that she was. Sent. Tr. at 2, ECF No. 114. The government and defense counsel argued their respective positions regarding Marple's appropriate base offense level, but both agreed that the court need not decide the issue because the plea agreement was made pursuant to Rule 11(c)(1)(C). Id. at 3, 4. Then the court asked Marple, in light of the disagreement over the applicable base offense level, whether she still wanted "to go ahead with this plea agreement?" Id. at 7. Marple answered in the affirmative. The court clarified, "You understand if I accept it, I will be required to sentence you to a period in the Bureau of Prisons of 114 months? You understand that?" Id. Marple against answered, "yes." Id. The court overruled the government's objection and adopted the PSR. Id. at 8.

In arguing for the 114-month sentence, defense counsel noted that the sentence was appropriate because although it was "significantly higher than what the guidelines recommend," it was "significantly lower than the mandatory minimum or the guidelines that would apply if she had been convicted of the greater offense." Id. at 27. Defense counsel also highlighted some of the questions regarding the evidence against Marple, including whether A.B.L. injected heroin that he received from a different dealer the night before he died, and whether the heroin was independently sufficient to cause A.B.L.'s death, rather than a combination of the various intoxicants found in his blood stream. Id. at 28. While recognizing the "uncertainty that's out there" defense counsel also recognized the serious risk that if Marple were found guilty, she would face a mandatory minimum of 20 years in

4

prison. Id. at 29. The court accepted Marple's guilty plea and sentenced her to 114 months' incarceration. Id. at 35.

Marple did not appeal. In her initial § 2255 petition, Marple raises two ineffective assistance claims: (1) counsel did not adequately investigate the case or review the evidence with Marple and (2) counsel failed to adequately inform her of the consequences of her guilty plea. § 2255 Mot. at 5, 6, ECF No. 101-1. Marple also filed an amended § 2255 petition, arguing that she is entitled to a two-point reduction in her base offense level, following an amendment to U.S. Sentencing Guideline ("U.S.S.G.") § 3B1.2, for playing a minor role in the criminal activity. Amen. § 2255 Mot. at 1, ECF No. 115.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Marple bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A. Ineffective Assistance of Counsel Claims

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be

whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. To show prejudice following a guilty plea, a defendant must establish that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty but would have gone to trial instead. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Borden's claims of ineffective assistance of counsel do not satisfy Strickland's stringent requirements.

*1. Failure to Investigate*

Marple first argues that she received deficient representation because counsel failed to review all of the evidence or fully investigate the case before advising Marple to plead guilty.

6

Marple does not explain what, specifically, she wanted counsel to investigate or the evidence she wanted counsel to uncover. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation omitted); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing) overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

However, the court assumes that Marple would have wanted counsel to investigate further whether there was sufficient evidence to prove that the heroin, which Marple admits to selling to A.B.L., caused his death. Defense counsel admitted at the sentencing hearing that questions remained regarding whether the government could prove that the heroin Marple provided to A.B.L. resulted in his death. Defense counsel's sentencing memorandum discussed, in detail, the investigation by the Federal Defender's office into the circumstances of Marple's case. Accordingly, counsel did sufficiently investigate and review the government's evidence. Even in light of the deficiencies in the government's evidence, however, Marple decided to proceed with her guilty plea. And she received a benefit from that plea, namely, she would not face a possible 20-year sentence. Accordingly, Marple cannot establish either that she did not know about the investigation that counsel undertook or that had counsel further investigated the facts of the case, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

## 2. *Involuntary Plea*

Marple next argues that her plea was involuntary because she did not understand or appreciate the consequences of pleading guilty. Specifically she pleaded guilty without understanding that her guideline range would be 57 to 71 months, well below the 114 months' incarceration to which she stipulated in her plea agreement. This claim, too, lacks merit.

On multiple occasions the court explained that if it accepted Marple's Rule 11(c)(1)(C) plea, it must sentence her to the agreed upon 114 months. At the plea colloquy and at the sentencing hearing, Marple affirmed that she understood that she would be sentenced to 114 months. Marple is bound by the statements she made under oath at her plea colloquy. Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

Moreover, in light of the ongoing argument between the parties regarding the applicable advisory guideline range, the court specifically asked Marple at the sentencing hearing whether she still wanted to "go ahead with this plea agreement?" Sent. Tr. at 7, ECF No. 114. Marple answered yes. Marple's desire to proceed occurred after the PSR was issued, after the government objected to the advisory guideline range, and after defense counsel filed a sentencing memorandum outlining both the problems inherent in the government's evidence and the reasons that a 114-month sentence was appropriate. Accordingly, even assuming that counsel did not explain to Marple the full extent of her

8

sentence exposure before advising her to plead guilty, Marple had an opportunity at the sentencing hearing to express her concerns. Instead, Marple affirmed in open court, at her plea colloquy and at sentencing, that she was fully satisfied with the advice and representation of counsel. A court cannot ignore a petitioner's "solemn declarations in open court." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Accordingly, Marple cannot establish that counsel erred or that her plea was involuntary. Strickland, 466 U.S. at 694.

B. Minor Role Reduction

Finally, Marple argues that she should receive a minor role reduction based on Amendment 794 to the U.S. Sentencing Guidelines manual. Amendment 794 amended U.S.S.G. § 3B1.2, and allows for a reduced sentence for a defendant found to be "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, comment. n. 3(A). The Amendment took effect on November 1, 2015, after Marple was sentenced. Marple's argument is unavailing for a number of reasons.

First, Marple entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which provided for an agreed-upon sentence of 114 months' incarceration. Rule 11(c)(1)(C) permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . [a request which] binds the court once the court accepts the plea agreement." A Rule 11(c)(1)(C) plea agreement is not based on the advisory guideline range in a defendant's case, unless the plea specifically sets forth the guideline range or the guideline range is otherwise evident. See Freeman v. United States, 564 U.S. 522, 534, 539 (2011) (Sotomayor, J. concurring) (noting, in concurrence, that a Rule 11(c)(1)(C) plea agreement is sometimes based on sentencing guidelines, but only

9

when the agreement itself "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment" or the sentencing range is otherwise "evident from the agreement itself"); see also United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011) (concluding that Justice Sotomayor's concurring opinion, which is narrower than the plurality, controls). In Marple's case, the plea agreement did not specify or rely on the advisory guideline range. Because she agreed to the sentence imposed — a sentence that was not contingent on her advisory guideline range — Marple cannot establish that a change in her guideline range would have any effect on her sentence.

Second, she is not entitled to relief under § 2255, because she is not arguing that her sentence was illegal when imposed, that it was imposed in violation of United States law, or that any other defects cognizable under § 2255(a) are present in her case. Instead, Marple claims that she is entitled to receive the retroactive benefit of an amendment that issued after she was sentenced. The Guidelines list those amendments that have been made retroactively applicable to defendants on collateral review. U.S.S.G. § 1B1.10. Amendment 794 is not listed. United States v. McNeill, No. 16-7080, 2016 WL 6936472, at *1, 2016 U.S. App. LEXIS 21220 (4th Cir. Nov. 28, 2016) (noting that Amendment 794 "cannot be given retroactive effect").

Finally, Marple waived her right to collaterally attack her sentence, except for claims of ineffective assistance of counsel. Collateral attack waivers are binding. Lemaster, 403 F.3d at 220 ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Therefore, this claim must be dismissed.

## IV.

For the reasons stated herein, the court grants the government's motion to dismiss. Because Marple has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 11th day of April, 2017.

/s/ Michael F. Urbanski
United States District Judge